JACK v. WALKER et al.

(Circuit Court, S. D. Ohio, W. D. June 8, 1899.)

TAXATION—MORTGAGES OWNED BY NONRESIDENT—OHIO STATUTE.

> Debts owned by a nonresident of the state of Ohio, evidenced by notes and mortgages on real estate within the state, are not taxable there, under Rev. St. Ohio, §§ 2731, 2734, 2735, unless the possession and control of the securities for the purpose of investment and reinvestment have been surrendered by the owner to a resident agent.[1]

## In Equity.

On the 28th day of February, 1895, the appellee, John V. Jack, filed his bill in chancery in the United States circuit court within and for the Southern district of Ohio against the appellants, Isaac N. Walker, auditor, and Charles H. Eulass, treasurer, of Warren county, Ohio. In his bill, Jack averred that the matter and amount in dispute, exclusive of interest and costs, exceeds the sum or value of $2,000; that he is and has been a resident of the state of New York for more than eight years last past; and that the defendants, Isaac N. Walker and Charles H. Eulass, are residents and citizens of the state of Ohio; that he is the owner of certain moneys and credits evidenced by promissory notes secured by mortgages upon real estate in Warren county, Ohio; that Isaac N. Walker is auditor, and Charles H. Eulass is treasurer, of said county; that the auditor is about to place on the tax duplicate of said county and assess against Jack the taxes about to be levied on his moneys and credits to the amount of $297,794. He further averred that the auditor is about to assess illegally against Jack taxes on the above-described moneys and credits, and to certify the same to the treasurer for collection, and that the treasurer is about to collect the same, without authority of law. A restraining order was prayed for and allowed. Defendants filed a general demurrer to the bill, which was overruled, and they thereupon filed their answer to the bill. In their answer, defendants admitted the averments regarding the citizenship of defendants, the nonresidence of Jack, and official capacity of defendants, as set forth in the bill; that Jack owned the moneys and credits described in the bill, and that the same were evidenced by notes secured by mortgages on real estate in Warren county, Ohio; that defendants were about to list for taxation the moneys and credits above described, and that they were about to levy and collect such taxes as should be assessed against the same. Defendants denied that the taxes so about to be assessed, levied, and collected by them were illegal, and they further denied all manner of unlawful acts and proceedings charged in said bill. They further averred in their answer that said moneys and credits specified in complainant's bill during said years were invested, loaned, and controlled within the county of Warren, and state of Ohio, by one George W. Carey, the agent of complainant, who was during all said years a resident of said county and state. Complainant filed the usual replication. The case was tried upon the evidence introduced by the parties. For former reports, see 79 Fed. 138; 31 C. C. A. 462, 88 Fed. 576.

---

[1] As to taxation of intangible property of nonresidents in general, see note to Walker v. Jack, 31 C. C. A. 467.

Paxton, Warrington & Boutet and Wm. F. Eltzroth, for complainant.

Wm. McDonald and George Burr, for defendants.

CLARK, District Judge (after stating the facts as above). Only a single narrow question is open as the case comes back here. Upon the whole case I conclude that the money and credits have not been surrendered to the control of Carey so far as to give a situs for taxation in Ohio. It is not necessary to refer to the cases examined. Carey's connection with the loans was rather in the way of clerical aid than as agent in possession and control for investment and reinvestment. Jack does not at any time appear to have surrendered control or the right to possession, such as an agent must have to give the credits a tax situs. It is not to be doubted. I think that the legislature of Ohio might fix the situs of an investment like these mortgages in Ohio for the purpose of taxation. But even under the dictum which the court of appeals feels disposed to respect, it is not credits in the hands of Carey, or under his control. The truth is that the legislature has never attempted in terms, nor by any fair implication, to tax securities like these at all, and I have no doubt that surprise would be felt at such a construction of the statute if ever adopted when the point calls for a decision. I decide no question except the single one left open by the court of appeals, and that is decided in plaintiff's favor. Whether plaintiff is a citizen of Ohio or New York is, of course, not touched, but it is apparently a far more serious question than the one now disposed of. Decree for complainant.