McKNIGHT v. DUDLEY.

(Circuit Court, S. D. Ohio, W. D. May 5, 1900.)

1. PLEADING—MOTION TO STRIKE OUT—OHIO PRACTICE.
   The objection that a defense pleaded in an answer is immaterial cannot be made by a motion to strike out, under the Ohio practice, but should be taken by demurrer.

2. SAME—SUFFICIENCY OF ANSWER.
   Where the petition of a county treasurer, in conformity to the state practice, alleges that a certain amount stands charged upon the tax books of the county against the defendant as personal taxes and penalties, which is due and unpaid, and asks judgment therefor, without specifying on what property such taxes were levied, a denial in the answer that defendant had any of a particular kind of property subject to taxation does not state a defense, either in whole or in part.

At Law. On motion of plaintiff to strike out parts of answer.

R. B. Miller, for complainant.
Evan B. Williams and Jones & James, for defendant.

THOMPSON, District Judge. This cause is submitted on the motion of the plaintiff filed April 21, 1900. The first and third assignments of the motion seek to strike out certain defenses of the answer as immaterial. A motion for such purpose cannot be entertained. A demurrer should be interposed, not a motion. The defenses of the answer are sufficiently definite and certain, so that the second and fourth assignments of the motion are not well taken, and the motion, therefore, will be overruled. The second and third defenses of the answer, however, against which the motion is directed, do not state facts sufficient to constitute a defense to the action, and a demurrer, if interposed, will be sustained. The petition alleges that there "stands charged upon the tax duplicate of Lawrence county, Ohio, against the said Mary A. Dudley, personal taxes and penalties in the sum of $5,471.50, and that the same is due and unpaid, and that the said defendant, Mary A. Dudley, is indebted to the plaintiff in said sum of $5,471.50, with interest from this date." This form of pleading is authorized by section 2859 of the Revised Statutes of Ohio. The second defense of the answer simply denies that the defendant has any credits which are the subject of taxation, and does not, therefore, meet the allegations of the petition. The allegations of the petition are broad enough to cover taxation upon all forms of personal property. For aught that appears, the taxes claimed may have been levied upon goods and chattels, so that the denial that she had credits subject to taxation will not constitute even a partial defense.

Under sections 2734 and 2735 of the Revised Statutes of Ohio, a resident of this state, who is the agent of a nonresident, is required to list for taxation all moneys in his possession, all moneys invested, loaned, or otherwise controlled by him as such agent; and is required to list it separately from his own, specifying in each case the name of the person, estate, company, or corporation to whom it belongs. The property is listed by the agent, but stands charged on

the duplicate against the owner, and, for aught that appears in the fourth defense of the answer, the taxes claimed may have been listed under the provisions of these sections. The Jack Cases (Jack v. Walker, 96 Fed. 578; Walker v. Jack, 40 C. C. A. 689, 100 Fed. 1006) are not in point. In those cases the court held that the property assessed did not come within the provisions of sections 2734 and 2735, referred to.